# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 2:10-cr-00397-GMN-RJJ-1 |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| CRISTOBAL FUENTES-LOPEZ, ) | **(ECF No. 27)** |
| Defendant. ) | |

Before the Court is Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (ECF No. 27), and the Government's Response in Opposition (ECF No. 30).

In March, 2011, this Court sentenced Cristobal Fuentes-Lopez to a low-end thirty-month sentence upon his conviction for one count of deported alien found unlawfully in the United States pursuant to 18 U.S.C. § 1326. (ECF No. 26.) About one year later, Fuentes-Lopez filed a timely motion under 28 U.S.C. § 2255, seeking to vacate his sentence on the ground that lack of a "fast track" disposition program in the District of Arizona "created a geographical sentencing disparity for similarly situated defendants," meaning defendants convicted under 18 U.S.C. § 1326. (ECF No. 27 at 4.) Essentially, the Petitioner claims he was prejudiced by the fact that the District of Nevada did not have a fast-track program during the time his case was adjudicated. Petitioner says, "[m]y attorney told me if fast track would have been available in Nevada my sentence would have been less..." (*Id.*)

The Government in its Response notes that despite the fact that the standard form filled out by the Petitioner questions the Petitioner as to why his claim was not raised in a direct appeal, the Petitioner has failed to provide any responsive information. (ECF No. 30 at 2, n.1.)

Accordingly, on August 12, 2013, the Court entered an Order directing the Petitioner to explain why he did not raise this claim on direct appeal and why the claim should not be procedurally defaulted pursuant to *U.S. v Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). (ECF No. 31 at 1.) Petitioner was given an opportunity to show cause and prejudice. *Id*. (citing *Massaro v. U.S.*, 538 U.S. 500, 504 (2003); *Day v. McDonough*, 547 U.S. 198, 210 (2006); *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *U.S. v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996)). However, the Petitioner failed to file any additional documents in his case.

This Court hereby finds that the Petitioner, Cristobal Fuentes-Lopez, procedurally defaulted his sentencing disparity claim by failing to raise it in a direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). Alternatively, even if Petitioner had not procedurally defaulted his sentencing disparity claim, this Court would have to reject it because neither intra-district nor inter-district disparity caused by fast track sentencing programs are "unwarranted" sentencing disparities under 18 U.S.C. § 3553(a)(6). *United States v. Gonzalez–Zotelo*, 556 F.3d 736, 739 (9th Cir. 2009). Furthermore, Petitioner has not demonstrated ineffective assistance of counsel. A stray reference in a 2255 Motion to Petitioner's attorney does not implicate Sixth Amendment concerns because it does not reflect any deficiency in counsel's performance or prejudice resulting therefrom. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

## **CONCLUSION**

For the reasons stated above, Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (ECF No. 27) is **DENIED**.

**DATED** this 9th day of October, 2013.

_____
Gloria M. Navarro
United States District Judge